CASE 52—EQUITY—OCTOBER 16, 1883.

# Weisert, &c., v. Muehl.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A party insured his life in the National Benefit Mutual Association for the benefit of his *heirs*.
2. He cannot, by devising the fund to his widow, prevent his heirs from recovering it.
3. The widow having paid premiums upon the policy to save it from forfeiture, must be reimbursed to the extent of her payments.

BIJUR & DAVIE and WM. REINECKE for appellants.

1. The policy was executed for the benefit of the heirs of F. W. Weisert.
2. The authorities are uniformly to the point that where a policy is made for the benefit of the heirs of the assured, it is held to have the same effect as if the names of those who are the heirs of the assured were inserted in the policy. (1 Lea, Tenn., 454; Gaugh v. St. Louis Mut. Ins. Co., 88 Ill.; 52 Ala., 52; Robinson v. Duvall, 79 Ky. Rep., 83; Duvall v. Goodson, *Ib.*, 224; Bliss on Life Insurance, secs. 345-'6-'7; Stevens' Trust Law Rep., 15 Equity, 114; Davis v. Taut, 6 Dana, 53; Clay v. Clay, Duvall, 296; McConnell v. Brown, Litt. Select Cases, 467.)
3. Weisert had no power to will away the fund so created for the benefit of his heirs. (Bliss on Life Ins., 317, 339; 88 Ill., 251; Ky. Law Rep., 224; *Ib.*, 254; 7 New York, 155; 49 Howard, N. Y. Pr. Rep., 504; 99 Mass., 157; 117 *Ib.*, 322; 97 *Ib.*, 359; 11 Allen, 224; 44 N. Y. Sup. Ct. Rep., 148; 7 Ohio, 292; 38 Conn., 294; 59 N. Y., 587; 71 *Ib.*, 261; 36 Conn., 133.)

No brief for appellee.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

July 5, 1879, the National Mutual Benefit Association, created a corporation by an act of the general assembly, issued and delivered, duly signed by its proper officers, the following certificate :

"This is to certify that Fred. W. Weisert, of Louisville, Kentucky, in consideration of the representations made in the application, and of the payment by him of ten dollars membership fee, and two dollars annual fee, and the farther

agreement to pay all assessments that may hereafter become due under the charter, is duly enrolled as a member of the National Mutual Benefit Association. The said Fred. W. Weisert hereby agrees to pay said association the farther sum of two dollars on each anniversary of his membership, and the farther sum of one and 25–100 dollars within thirty days after the death of any member of the association. . . . And it is agreed and understood that a failure on the part of said party to pay said sum within thirty days shall forfeit his membership and all benefits accruing therefrom. In consideration of the above, the National Mutual Benefit Association agrees to pay to *his heirs*, within sixty days after the proof of death is received, and on surrender of this certificate, such sum as may be realized from an assessment on all surviving members of the association, as provided for in the sixth section of the charter."

Afterwards, Fred. W. Weisert executed upon the back of the certificate the following:

"LOUISVILLE, KY., January 15, 1880.

"This day appeared Fred. W. Weisert, and says he wishes, at his death, that the amount due on this policy, and directed to be paid to his heirs, shall not be paid as directed, but that he wishes the amount to be paid to Mrs. Ottillie Muehl.                    FRED. W. WEISERT.

"Signed in presence of                    GEO. D. SPARKS.

"Attest:            J. T. PEARSON, *Notary Public*."

Weisert having died soon after the execution of the writing upon the back of the certificate, it was duly proved and admitted to record by the Jefferson county court as his last will and testament.

The amount realized, as provided by the charter, from the assessment on the surviving members of the association after his death, was paid to appellee Sparks, appointed administrator of his estate with the will annexed. And this action was brought by appellee, Ottillie Muehl, the devisee, to recover of the administrator the residue of that fund left in his hands after the payment of debts and expenses of administering and settling the estate.

During the pendency of the action appellants filed their petition, claiming the proceeds of the policy in the hands of the administrator as the mother, brother, and sisters, only heirs-at-law of decedent Weisert, and controverting the claims of the plaintiff and the other parties to the action. Whereupon, they were made parties defendants, and their petition ordered to be treated as their answer. Subsequently, however, a general demurrer to their answer was sustained, and though an amended answer and cross-petition was tendered, it was not permitted to be filed, but judgment was rendered directing the payment to Mrs. Muehl, the devisee, the balance of the fund, after paying the demands of creditors reported by the commissioner of court, allowance to the administrator, and costs and expenses of the action.

From that judgment the heirs-at-law of decedent have appealed, contending that neither the devisee under the will, nor the administrator of the estate, are entitled to any part of the fund in dispute.

As this record stands, there can be no question as to the propriety of probating and admitting to record, and now treating the paper mentioned as the last will and testament of Fred. W. Weisert. Nor, admitting appellants to be his mother, brother, and sisters, and that he died without father

Weisert, &c., v. Muehl.

-or child, can there be any question but that, by the appella-
tion "heirs" used in the policy of insurance, they are suffi-
ciently designated as those appointed by law to succeed to
the estate of the deceased; for their relation to him is de-
scribed by the term used with sufficient certainty, because
capable of being rendered certain.   (Tucker v. Tucker, 78
Ky., 503; Gosling v. Caldwell, 1 Lea, Tenn., 454; Gaugh
v. St. Louis M. L. Ins. Co., 88 Ill., 252.)

The main question, therefore, in this case  is, whether,
having designated in the policy his heirs-at-law as the per-
sons to whom he then elected, and the association, by the
terms of the contract, agreed to pay the fund to be realized
at his death as provided in the charter, Weisert could after-
wards, by will, devise the fund to a different person, and
thus deprive his heirs of it, or any part of it.

The general rule, as stated by Bliss on Life Insurance,
sections 317, 339, and which seems to be supported by the
authorities generally, is, that a policy and the money to
become due under it belong the moment it is issued, to the
person or persons named in it as the beneficiary or bene-
ficiaries, and that there is no power in the person procuring
the insurance, by any act of his by deed or will, to transfer
to any other person the interest of the person named.   He
is under no obligation to continue to pay the premiums
unless he has covenanted to do so.   But if he does, the per-
son originally designated in the policy will derive the benefit.

The principle upon which this rule is founded is, that
when the policy of insurance is issued, rights are vested
which cannot be divested without the consent of those to
whom they are secured.   (Gould v. Emerson, 99 Mass.,
154; Eadie v. Stimmon, 26 N. Y., 9; Conn. Mut. Life Ins.

Co. v. Burroughs, 34 Conn., 305 ; Rupport v. Union Mut. Ins. Co., 7 Robt., 155, and 1 Lea, Tenn., 88 Ill., *supra.*)

In the case of Robinson v. Duvall, 79 Ky., 83, Crofoot obtained a policy of insurance in the Connecticut Mutual Life Insurance Company, payable at his death to his wife and children, or their representatives. Before his death, and after the death of all his children, the insured assigned and delivered the policy to his niece, intending it as a gift to her. But this court held that the assignment of the policy did not have the effect to deprive the grandchild of the assured of her interest in right of her mother.

In our opinion, there is no such difference between an ordinary life insurance company and mutual benefit associations like the one under consideration, as would restrict the operation of the rule just mentioned to the former, and not extend and apply it to the latter class of life insurance companies. (State v. Merchants' Exchange Mutual Benefit Society, 2 Central Law Journal, 391 ; 105 Mass., 149.)

The certificate issued in this case is in substance a policy of insurance; and a contract between the company issuing and the person receiving it. Unless, therefore, the charter of the National Mutual Benefit Association makes a distinction, the policy here must be treated like those issued by other life insurance companies.

As held by this court in the case of Basye v. Adams, Kentucky Law Reporter, August, 1883, "the association was incorporated for two distinct objects, and provision was made in the charter for raising two distinct funds. One of the objects is to relieve the necessities of sick and disabled members, or to confer charities, in the discretion of the directors, and, for that purpose, a permanent fund is provided for by the charter. The other object is to pay to

the *legal heirs or beneficiary* of a deceased member such sum as may be realized from an assessment on all surviving members, less twenty per cent., to be deducted for the permanant fund and expenses."

It thus appears that the assured, as a member of the association, has personal privileges, and an interest in the permanent fund which cannot be transferred by him to any other person, while there is another fund created by assessment after his death which, by the terms of the charter, is to be paid to his *legal heirs or beneficiary*.

By section 8 of the charter, it is provided that "no part of the interest of any member of the association shall be subject to any debt, liability, or legal or equitable process against them, or which may alienate the benefits from the legal heirs."

While, therefore, the person obtaining the policy may designate a different person or object than his legal heirs, yet it is obvious that they are the persons primarily contemplated by the charter as the recipients of the fund realized after his death.

But certainly there is nothing in the charter that confers the right upon the assured, after having designated in the certificate his legal heirs as the beneficiaries, by will or otherwise, to divert the fund from them.

In our opinion, therefore, appellants, notwithstanding the devise to appellee, Mrs. Muehl, are entitled to the fund in controversy.

It appears, however, that some of the premiums were advanced and paid by Mrs. Muehl, whereby the policy was saved from forfeiture. She should be reimbursed such sums out of the fund in court.

Wherefore, the judgment of the court below is reversed, and cause remanded for further proceedings consistent with this opinion.