## NIX v. DONOVAN.

### (*City Court of New York, General Term.* April 5, 1892.)

1. BENEFIT SOCIETIES—CHANGE OF BENEFICIARY—VESTED INTEREST.
    A person designated as beneficiary of a policy issued by a benefit society, who voluntarily and gratuitously pays the assessments thereon, and not under any contract with the insured, acquires no vested interest therein as against a person afterwards named beneficiary by the insured.

2. SAME—EVIDENCE.
    The evidence of a son of the insured that she had told him that she wanted plaintiff, her daughter, to have the insurance money, was properly received as tending to show that defendant, named as beneficiary, had no vested interest in the certificate.

Appeal from trial term.

Action by Margaret Nix against Nora Donovan. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and McCARTHY, JJ.

*Mooney & Shipman,* for appellant. *Charles Steckler,* for respondent.

FITZSIMONS, J. Johanna Moloney, mother of the plaintiff and defendant herein, about April, 1885, became a member of the Home Benefit Society, a life insurance society or association conducting its business upon the assessment plan. Said society issued a certificate of membership to Mrs. Moloney, in which she designated her daughter, the defendant, as payee or beneficiary. She continued in said society as a member until her death in September, 1890. On August 26, 1889, Mrs. Moloney assigned said certificate of membership to the plaintiff, and such assignment was assented to by the Home Benefit Society. The defendant introduced in evidence a letter dated September 23, 1889, purporting to be signed by Mrs. Moloney, directed to the Home Benefit Society, stating that she wanted the defendant to receive the insurance money under said certificate; also a notice dated about 4th of October, 1889, purporting to be signed by Mrs. Moloney, naming the defendant as her beneficiary instead of the plaintiff. Said letter and notice were regularly received by the society. The defendant's testimony was to the effect that she paid the assessments on the certificate in question from April, 1885, to May, 1889, and supported her mother during that time. Bridget Moloney, another sister, testified that her mother said she would like to compensate the defendant for her trouble, by taking out the certificate in question, if said witness or defendant would pay the assessments on such certificate. The plaintiff testified that she supported her mother, and paid the certificate assessments from about May, 1889, to September, 1890, when her mother died, and also paid her doctor's and medicine bills. Edward Moloney, a brother of plaintiff and defendant, testified that in October, 1889, his mother told him that she wanted the plaintiff to receive the benefit of the certificate in suit.

In view of this conflict of testimony, I am convinced that the learned trial justice was right in holding that the defendant had no vested interest in the certificate in question. It is quite clear to my mind that the payments of assessments by both plaintiff and defendant were voluntarily and gratuitously made in response to filial promptings, and were accepted by their mother as such, and without intention on her part to vest in either of them any interest

in said certificate, but she evidently and purposely reserved to herself the right to select her own beneficiary. It is true that if Mrs. Moloney agreed and contracted with defendant to make her the beneficiary under said certificate, providing she (defendant) paid the assessments levied, and that defendant by virtue of such agreement paid assessments, then the defendant would have acquired a vested interest in said certificate which she could not have been deprived of without her consent. *Smith* v. *Society,* 123 N. Y. 85, 25 N. E. Rep. 197. Such is not the case here, as above indicated by me. Under these circumstances, Mrs. Moloney had the right to make a change in her payee or beneficiary, (Laws 1883, c. 175, § 18,) with the consent of the society.

It therefore seems to us that the only real question presented for our consideration is, was the trial justice right in finding that the plaintiff was Mrs. Moloney's only payee or beneficiary under the certificate in question? Upon that question the testimony seems to be wholly in favor of the plaintiff. The assignment to her by Mrs. Moloney on August 26, 1889, is full and complete, and regularly approved by the society, while the alleged designation of defendant as such payee by the letter of September 23, 1889, and notice of about 4th of October, 1889, was not at all sustained. The signatures to said letters and notice were not shown to be the signatures of Mrs. Moloney, or that she authorized another to sign for her; in fact, there is no testimony even tending to support defendant's contention upon this question. Therefore, the trial justice was correct in holding that the plaintiff is entitled to the money due under said certificate. The testimony of Edward Moloney, "that his mother, in September or October, 1889, told him she wanted plaintiff to have this money," was material and competent, because it tended to show that Mrs. Moloney did not invest the defendant with a vested interest in said certificate, and to offset the testimony of his sister, Bridget Moloney, at folio 95 of the case. For these reasons, and finding no error, the judgment must be affirmed with costs. All concur.