## DANIEL A. ANTHONY & another, administrators, *vs.* MASSA-CHUSETTS BENEFIT ASSOCIATION.

Bristol.    October 24, 25, 1892. — March 3, 1893.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Beneficiary Association — Right of Member to assign Certificate — Validity of Assignment.*

A beneficiary association organized under the Sts. of 1874, c. 375, and 1877, c. 204, (Pub. Sts. c. 115,) issued to A. a certificate, by the terms of which he was constituted a benefit member, and the association agreed " to pay to the heirs at law of said member," in sixty days after due proof of his death, a certain sum.   One of the conditions on which the certificate was accepted was that "any assignment of this certificate shall be void unless assented to in writing by said association, but it shall not be invalidated thereby."   The St. of 1882, c. 195, provides that a sister of a member may be a beneficiary.   *Held*, that A. had a right to assign to his sister a part of the money payable by the terms of the certificate.

A beneficiary association organized under the Sts. of 1874, c. 375, and 1877, c. 204, (Pub. Sts. c. 115,) issued to A. a certificate, by the terms of which he was constituted a benefit member, and the association agreed " to pay to the heirs at law of said member," in sixty days after due proof of his death, a certain sum.   Among the conditions on which the certificate was accepted were the following : " Any assignment of this certificate shall be void unless assented to in writing by said association, but it shall not be invalidated thereby. . . . No agent of the association is authorized to make, alter, or discharge contracts, or waive forfeitures ; and any such act to be valid must be done in writing, and signed by the treasurer of the association."   A rule of the association also required both the member insured and the present beneficiary to sign the form of assignment.   A. assigned to his sister a part of the money payable by the terms of the certificate ; and the assent of the association to the assignment was manifested by the signing of the treasurer's name by a clerk, who acted in so doing under the general authority of the treasurer.   *Held*, that the assignment was valid.

CONTRACT, by the administrators of the estate of Arnold B. Sisson, to recover $5,000 upon a certificate issued by the defendant on September 28, 1883, to Sisson.   Mary R. Sisson, a sister of Arnold B. Sisson, appeared as claimant of $2,000 of the fund, under an assignment by her brother to her.   Trial in the Superior Court, without a jury, before *Blodgett*, J., who found for the plaintiffs in the sum of $3,000, and for the claimant in the sum of $2,000; and, at the request of the plaintiffs, reported the case for the determination of this court.   The facts appear in the opinion.

*A. M. Goodspeed*, for the plaintiffs.

*F. A. Milliken*, for the defendant.

LATHROP, J.   The defendant in this case does not dispute its liability, and the only question is whether Arnold B. Sisson, to whom a certificate had been issued by the defendant in 1883, had the right to assign, in 1888, to his sister, Mary R. Sisson, a part of the money payable by the terms of the certificate.

By the terms of the certificate Arnold B. Sisson was constituted a benefit member, and the defendant agreed " to pay to the heirs at law of said member," in sixty days after due proof of his death, " a sum equal to the amount received from a death assessment, but not to exceed five thousand dollars."   The certificate was accepted on several conditions, which formed part of the contract, two of which only need now be considered.   These are the third and fifth.   The third is as follows: " Any assign· ment of this certificate shall be void unless assented to in writing by said association, but it shall not be invalidated thereby."   The fifth provides that " No agent of the association is authorized to make, alter, or discharge contracts, or waive forfeitures ; and any such act to be valid must be done in writing, and signed by the treasurer of the association."

The plaintiffs, who seek to recover the amount of the certificate for the benefit of the heirs at law, contend that the contract is one of insurance, and that by the certificate the right to the benefit of it vested in the heirs at law of the member, without any right on his part to change it, in whole or in part, by an assignment.

The defendant was organized in 1878, under the provisions of the St. of 1874, c. 375, and the St. of 1877, c. 204 (Pub. Sts. c. 115).   The St. of 1882, c. 195, having been passed before the certificate in this case was issued, is also to be considered.   See *Massachusetts Catholic Order of Foresters* v. *Callahan*, 146 Mass. 391.   There is nothing in these statutes which limits the right of the association and one of its members to alter, in any way they may see fit, a contract which they may have made ; and, until after this action was brought, there was no by-law of the defendant upon the subject.   The Pub. Sts. c. 119, § 167, do not apply.   See *Haskins* v. *Kendall*, *ante*, 224.   On the other hand, the third condition on which the certificate was issued clearly implies that a certificate may be assigned.

The distinction between a policy of insurance and a certificate of a beneficiary association was pointed out by Mr. Justice Devens, in *Marsh* v. *American Legion of Honor*, 149 Mass. 512, 515; and it was said: "All that a beneficiary has during the lifetime of the member who holds the certificate is a mere expectancy, which gives no vested right in the anticipated benefit, and is not property, as, owing to his right of revocation, it is dependent on the will and pleasure of the holder." Under our decisions, the assignment must be to one of a class for whom the association may provide. Under the St. of 1882, c. 195, a sister of a member may be a beneficiary.

The views above set forth are sustained by many authorities. See *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1; *Masonic Benefit Society of Indiana* v. *Burkhart*, 110 Ind. 189; *Milner* v. *Bowman*, 119 Ind. 448; *Martin* v. *Stubbings*, 126 Ill. 387, 404; *Barton* v. *Provident Relief Association*, 63 N. H. 535; *Knights of Honor* v. *Watson*, 64 N. H. 517.

The remaining question relates to the manner in which the assignment was assented to. The fifth condition, requiring an alteration of a contract to be in writing and signed by the treasurer, and the rule of the association requiring both the member insured and the present beneficiary to sign the form of assignment, we regard as merely regulations framed for the protection of the association, which it may dispense with if it sees fit. See *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1, 4, and cases cited. If the original beneficiaries had not a vested interest in the certificate, the member could assign it without their assent. The assent of the association was sufficiently manifested by the signing of the treasurer's name by a clerk, who acted in so doing under the general authority of the treasurer.

As we find no error in the rulings of the justice who presided in the Superior Court, judgment is to be entered on his finding.

*So ordered.*