(6 Misc. Rep. 433.)

## BROWN v. BROWN.

(City Court of Brooklyn, General Term. January 22, 1894.)

MUTUAL BENEFIT INSURANCE—BENEFICIARIES—RIGHT TO DESIGNATE.

Under the constitution of a mutual benefit society declaring its object to be "to aid and benefit the families of deceased members," and providing that the widows, children, or next of kin of deceased members should be entitled to benefit, and that "any member may, however, designate to whom such payment shall be made," a member is not restricted to the designation of his widow, children, or next of kin.

Appeal from trial term.

Action by Catherine Brown against Annie Brown. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before OSBORNE and VAN WYCK, JJ.

Backus & Manne, for appellant.
Ayres & Walker, for respondent.

OSBORNE, J. In March, 1886, one Charles L. Brown became a member of the Brooklyn Police Mutual Aid Association, which was an unincorporated, voluntary, mutual aid association. Section 2 of the constitution of said association was as follows:

"The object of this association shall be to aid and benefit the families of deceased members."

Section 14 of said constitution was as follows:

"The person or persons who are entitled to payment from the funds of the association upon the death of any member are as follows: Should the deceased leave a widow and a child or children, to his widow; should he leave a child or children, but no widow, to said child or children; should he leave neither widow nor any child or children, to his next of kin; should there be any child or children of a deceased child who would have been entitled to the whole or a share thereof if living, then to such child or children will go the share their parent would have taken. Any member may, however, designate to whom such payment shall be made, by a will, or by a writing signed and acknowledged by such member, and filed with the treasurer of the association."

At the time of joining said association said Brown designated his wife, the defendant herein, as the beneficiary, and for a period of 21 months, and up to April 9, 1889, she paid the dues and assessments necessary to continue said Brown a member in good standing in the association. In 1889 said Brown left his wife, and on July 23, 1891, he married the plaintiff, at Woodhaven, L. I., and continued to live with her as her husband up to the time of his death, on February 4, 1892, and she supported, cared for him, and nursed him, and she also paid the dues and assessments necessary to con-

v.27 N.Y.s.no.1—9

tinue said Brown's membership in the association. The evidence fails to show that plaintiff's marriage with said Brown was not contracted by her in good faith, and on the assumption that he could lawfully marry her. On December 22, 1891, said Brown made his will, by which he bequeathed to the plaintiff, designating her as his wife, the benefit fund of $1,000, and therein directed the treasurer of the association to pay said sum to her "as a just reward for her faithful devotion to me during our married life, during which time I was an invalid, unable to work and care for myself. She made a home for me in my illness." On the same day said Brown inclosed a copy of his said will to the treasurer of the association, with a note requesting him to place the same on file in his office. After the death of said Brown said will was duly admitted to probate in Suffolk county, and letters testamentary thereon were issued to the plaintiff. Thereafter the plaintiff commenced this action against the association to recover said sum of $1,000, and by an order of this court said association deposited said fund with the clerk of this court, and Annie Brown, the lawful widow of said Charles L. Brown, was substituted as defendant herein. On the trial of this cause at special term, the learned trial judge gave judgment for the defendant, and said judgment was mainly based on the following conclusion of law, viz.:

"That the said Brooklyn Police Mutual Aid Association having been formed for the benefit of the families of deceased members, the designation provided for in section 14 of its constitution is confined to the members of the family of a deceased member."

Plaintiff appeals from said judgment.

The learned counsel for the respondent contends that by article 2 of the constitution of the association above quoted the benefits were limited to the families of deceased members, and that the last sentence of section 14, above quoted, which provides that "any member may, however, designate to whom such payments shall be made," is to be so construed as to limit the designation to one of the class named in the first part of said section 14, to wit, "the widow and children of a deceased member." We hardly think that this closing sentence of section 14 should receive such a narrow construction. It would seem that the words, "any member may, however, designate to whom such payment shall be made," were broad enough to authorize the designation of any person as the beneficiary, and that no limitation to such designation should be fairly implied from the language that precedes the words just quoted. If the framers of the constitution of the association had intended to limit its benefits to the widows and children of a deceased member, it is reasonable to assume that such intention would have been clearly expressed. It is not necessary, however, and we do not intend to be understood as basing the conclusions at which we have arrived on the construction of this section only. Provisions of a similar character are by no means unusual in benefit associations, and we have found no case which limits the designation of the beneficiary to the family or a member thereof, where the constitution of the association also authorized the designation of some other

person as the beneficiary.   On the contrary, the authorities seem to support the opposite view.   In Bishop v. Grand Lodge, 112 N. Y. 627, 20 N. E. 562, the object of the defendant association was stated to be "to assist and support members or their families in case of sickness, want, or death."   The fourth section of the articles of incorporation provided that the benefit fund might be provided and set apart to be paid over to the "families, heirs, or legal representatives of deceased or disabled members, or to such person or persons as such deceased member might, while living, have directed."   Yet in that case the court, in its opinion, plainly conceded the right of the member to designate some other person than his family, or a member thereof, as the beneficiary, notwithstanding the object of the association was stated to be to "assist and support members or their families."   In Massey v. Society, 102 N. Y. 523, 7 N. E. 619, the certificate of incorporation stated its object to be "to combine the efforts of all of its members with the view to effect mutual relief, aid, and systematic contributions of benevolence and charity during their lifetime, and to their respective families when rendered necessary."   The court there held that under a by-law which provided that the objects of the society shall be, inter alia, to furnish aid to families of members or their assigns, a member was not limited in his designation of the beneficiary to one of his family.   In Story v. Association, 95 N. Y. 474, the object of the defendant's association was to provide for the relief of widows, orphans, and heirs of deceased members.   Plaintiff's husband had designated her as the beneficiary, and her claim was contested on the ground that she was not the widow of the deceased member, defendant claiming that he had a wife living in England at the time that he married plaintiff.   The court there said:

"It may be true that the by-law which prescribes the obligation and duty of the association on the death of a member contemplated a payment to the person who should be the lawful widow of a deceased member.   But this was not a limitation of the power of the company so as to prevent it from recognizing as the beneficiary a person who might be designated by the member as holding to him the relation of wife.   Such designation, made during the lifetime of the member, and assented to by the company, until changed by the mutual agreement of the member and the company, or at least until the arrangement was repudiated by one of the parties thereto, was binding."

In the light of these cases, and applying their principles to the case before us, it seems to us that, under the charter of the Police Mutual Aid Association, Brown, in his lifetime, had the right to designate the plaintiff, with whom he was living as his wife, as the beneficiary who should receive the fund of $1,000, and that, he having so designated her by his will, the fund should be paid to her. Judgment should be reversed, and a new trial ordered, with costs to plaintiff to abide the event.