(17 Misc. Rep. 737.)

### LEVIN v. RITZ et al.

(Supreme Court, Special Term, Erie County.  February, 1895.)

INFANTS—CHARGING INFANT AS TRUSTEE.

An infant beneficiary in an insurance policy may be charged as trustee for plaintiff, who paid the premiums and supported the insured, pursuant to an agreement with the beneficiary that plaintiff should be entitled to half of the insurance money, and with the understanding that the insured would change the certificate so as to make plaintiff one of the beneficiaries.

Appeal from justice court.

Action by Mary Anna Levin against Margareth Ritz and the Supreme Council of the Catholic Mutual Benefit Association, to enforce an agreement by the beneficiary to assign an interest in a certificate of insurance in consideration of the payment of assessments and the support of the insured by the assignee.

On the 6th day of January, 1892, the defendant association issued to one Alois Ritz its beneficiary certificate No. 13,131, whereby it did certify that said Alois Ritz was a member of Branch No. 27, of Lockport, N. Y., and did further certify that said Alois Ritz was entitled to all rights and privileges of membership in said defendant, and to participate in the beneficiary fund of the association to the amount of $2,000, which sum, at the death of said Alois Ritz, should be paid to his daughter, Margareth Ritz; and that said certificate was issued upon the express condition that said Alois Ritz should in every particular, while a member of said association, comply with all laws, rules, and requirements thereof.  Section 7 of defendant's charter provides that defendant shall pay beneficiary funds to the family, heirs, or representatives of deceased members, or to the person or persons designated by the members; and that the person to whom, and the manner and time in which, said beneficiary shall be paid shall be regulated and controlled by the constitution, by-laws, rules, and regulations of the defendant, and shall be exempt from execution, and shall not be liable for the debts of the beneficiary.  In the certificate in question the said Alois Ritz designated his daughter, the said Margareth Ritz, as his beneficiary, and accepted the beneficiary certificate issued to .him on January 6, 1892.  The said Alois Ritz died in the city of Lockport on September 13, 1892, while a member of defendant association.  From the month of September, 1891, to the time of his death, said Ritz, by reason of illness, was unable to labor or pursue any calling to earn a livelihood, and had no means with which to provide himself board, lodging, nursing, or attendance during that time.  On the 20th of April, 1892, the plaintiff herein entered into a written agreement with the defendant Margareth Ritz, the beneficiary named in the certificate, and at that time an infant of the age of 18 years, whereby, in consideration of the assignment of the one-half interest in said certificate, and all sums of money then due, or thereafter becoming due, by virtue thereof she agreed and assumed to pay to said Margareth Ritz one-half of all dues, assessments, or other obligations then due or thereafter becoming due on said certificate, and further agreed to provide at her house board, lodging, and care for said Alois Ritz for and during the remainder of his natural life.  On or about September 2, 1892, the

said Alois Ritz made and executed an instrument in writing, whereby he declared that plaintiff had provided him board, lodging, and care from April 20, 1892, and desired said Margareth Ritz to allow plaintiff one-half of the proceeds of said certificate in consideration thereof. The only provision of defendant's constitution regulating how a change in a beneficiary, once designated, may be made, is section 5 of the beneficiary fund article, which is as follows: "A member may at any time change, alter, or amend designation of person or persons to whom the beneficiary fund named in the certificate is payable by surrendering said certificate after having filled, or caused to be filled, the blank which shall be provided for that purpose on the back of the same, providing for a new designation, and attach his signature to it. Said secretary shall attach his signature as witness, sealed with the seal of his branch, and forward to the grand secretary, if in his immediate jurisdiction. Upon the receipt of the same by the supreme recorder, he shall issue a new certificate in accordance with such change of designation." Alois Ritz's certificate was never surrendered up to defendant association for change or amendment of the designation of the person to whom the beneficiary fund was payable, as provided in the defendant's constitution. At the time of Alois Ritz's death, according to the records of defendant association, the whole of said beneficiary fund of $2,000 was payable to Margareth Ritz, the beneficiary named therein.

S. Wallace Dempsey, for plaintiff.
John E. & Cuthbert W. Pound, for defendants.

GREEN, J. The question is whether a contract of an infant beneficiary of a life insurance certificate to pay over to another one-half, or any other portion, of the amount payable thereby, in consideration of an agreement to pay the assessments, or a portion thereof, and to furnish support to the father of the infant during his lifetime (the father being the insured), can be enforced. It must be conceded that the assessments paid by the other contracting party are an equitable lien and charge upon the fund, and to that extent the contract of the infant is enforceable. Bank v. Whittle, 63 N. H. 587, 3 Atl. 645. And see Insurance Co. v. Burroughs, 34 Conn. 305; Weisert v. Muehl, 81 Ky. 341; Association v. Dugan, 118 Mass. 219; Scobey v. Waters, 10 Lea, 551, 563. It is contended that the contract has been executed or performed by both parties; that the infant has received the benefit, and cannot be allowed to retain the benefit and at the same time repudiate the agreement. True, the instrument of assignment purported to assign one-half of the certificate, but the assignment created no legal obligation upon the part of the infant to carry it out, and no legal liability upon the association to the assignee. The infant's contract to pay over the money remained executory since it has not been performed, and plaintiff seeks to enforce performance.

The assignment of a policy of insurance by an infant is not binding. Bank v. Whittle, supra; Scobey v. Waters, supra. And see Brockhaus v. Kemna, 7 Fed. 609. Nor has the infant received any benefit, in point of law, from the support furnished her father. The only benefit received came from the payment of the assessments. The moral obligation to support an indigent parent is not sufficient to create a legal obligation upon the infant by reason of his agreement to pay for it. All contracts by an infant of sufficient mental capacity create a moral obligation, especially where there is a meritorious consideration. Besides, here the moral obligation rested

as well upon the other children. And it is held that the promise of an adult child to pay for past maintenance of a parent creates no legal obligation, though there was a moral obligation. And so of a promise by the parent to pay for past maintenance of an adult child. Cook v. Bradley, 7 Conn. 57. It seems too clear for argument that plaintiff is not entitled to recover upon the contract made by the infant defendant. There is no ratification shown, for the defendant has all along, and is now, resisting the claim made by the plaintiff. If the plaintiff is entitled to recover at all, it must be based upon the instrument signed by the deceased. If that instrument can be construed as a contract between the plaintiff and the insured that she should be entitled to one-half of the certificate in consideration of past as well as future support, there would be some ground for holding that the plaintiff is entitled to recover. But there is considerable difficulty in construing this instrument as a contract. It was made and signed 11 days prior to his decease, and the plaintiff's services were most all rendered prior to this time, and in reliance upon the contract made with the infant. The writing does not purport, in terms or expression, to create a contract, but is simply an expression of his desire, wish, or request that his daughter should pay all which she agreed to do,—that is, carry out her agreement or contract with the plaintiff; and the plaintiff accepted this writing according to its terms.

Evidence was given to show that the deceased intended and desired to change the certificate at several times within the week preceding his decease, but this intention was never consummated. Plaintiff says he was too feeble to make the change. She says that deceased sent for the officer of the association; but defendant says that they went to plaintiff's house at her request. However, the deceased did nothing to carry out his intention, perhaps because he was not mentally or physically competent by reason of his disease. If we would be warranted in holding that this writing constituted a contract, perhaps we would be justified in holding that the decisions in Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, Ireland v. Ireland, 42 Hun, 212, and other cases of a similar character, are inapplicable. Can the rights of the infant beneficiary be taken away by the expression of the wish, desire, or request of her father (the insured) that she should carry out her contract with a third person to pay one-half of the certificate in consideration of support furnished and to be furnished the father without any alteration of the certificate itself? It seems that the plaintiff must rely upon the good faith and honesty of the defendant (as did her father) for the fulfillment of her agreement.

Leaving out of the case the infant's contract, as it creates no legal obligation, the question comes to this: The insured expresses in writing his desire, wish, or intention that the beneficiary should pay one-half of the certificate to a third party, in consideration and for the reason that such third party had furnished him support, and would do so in the future, and had also paid a part of his assessments, and this writing is delivered to her; but there is no alteration of the certificate. And we will assume that long prior thereto the

beneficiary was cognizant of the desire of the member that such third party should receive one-half of the certificate,—that his intention in the matter was indicated to her. Is there any · ground upon which such party may change the beneficiary when the gift becomes executed by the receipt of the funds? Can the beneficiary be compelled to carry out the intention of the insured upon the ground of a trust created in the fund? The contract made between the association and the deceased was to pay the benefit to the defendant, and this contract has not been altered. The beneficiary could be changed in the mode provided by the constitution and by-laws, but no attempt has been made in that direction. The writing signed by the deceased does not purport to be an assignment of a portion of the benefit, and it cannot operate as such. The defendant has never given a valid assent to that instrument, or agreed to carry it out, though she may be under a strong moral obligation to do so. If the beneficiary were an adult, and the insured expressed the wish or desire, or made a request, that he should pay certain debts out of the benefit fund payable by the certificate, or a proportionate part of it, and the beneficiary assented to it, there would be good ground for holding him liable to the third party, as for money had and received to his use. But if the beneficiary had refused to comply with the wishes of the insured, the latter could have taken steps to revoke or alter the certificate. But the difficulty here is that the infant's promise to comply with her father's wishes is not binding upon her. The deceased agreed to pay plaintiff a certain sum for his board. He was very poor, entirely without means, had an incurable disease, and was unable to work. The plaintiff had no expectation, and could have none, that she would ever be compensated for her services, unless she received payment from the insurance fund. Undoubtedly she relied upon that fund for her compensation. If she had made an explicit agreement to that effect with the deceased, she would be in a good position to assert her claim. May the plaintiff base a right of recovery upon the theory of a trust? Deceased indicated his desire that defendant should pay one-half of the certificate to the plaintiff in consideration of his indebtedness to her, etc. We assume that he must have known that she was paying the assessments, or a portion of them, and thereby keeping the insurance in force. Both before and after his decease defendant assented to her father's wish, and agreed to carry it out. Her interest in the certificate was in the nature of an inchoate or unexecuted gift, a mere expectance. Anthony v. Association, 158 Mass. 324, 33 N. E. 577. Payment of the assessments gave her no vested interest in it, but it was, notwithstanding, subject to revocation. Nix v. Donavan (City Ct. N. Y.) 18 N. Y. Supp. 435; Maynard v. Vanderwerker (Sup.) 24 N. Y. Supp. 932; Fleeman v. Fleeman (Super. Buff.) 15 N. Y. Supp. 838; Association v. Bunch, 109 Mo. 561, 19 S. W. 25. Before the gift became executed by the death of the insured, he directed ·or requested that one-half of the moneys should be paid to the plaintiff, his creditor, who also paid a portion of the assessments. Though the defendant was an infant, she could nevertheless be created a trustee of the fund which she was to derive through the deceased

under the contract made by him with the association. Where an infant is created a trustee, he is as much bound to carry out the trust as if he were an adult. He will not be permitted to receive the property to his own exclusive benefit, and then repudiate the trust or equitable charge created by the person from whom he derived it. If this writing were a will, the language would be held imperative, and create a trust, especially in favor of a person who is a creditor, or who has supported the testator. Lawrence v. Cooke, 32 Hun, 126; Colton v. Colton, 127 U. S. 301, 8 Sup. Ct. 1164. No particular form of words is necessary to create a trust. Is it impossible for a member of a beneficiary organization, by contract or declaration of trust, founded upon a valuable consideration, to give to another an interest in the proceeds of the certificate when received by the beneficiary? Is an alteration of the certificate, in conformity with the rules of the association, absolutely indispensable? There seems to be no sound reason for such a doctrine when the controversy arises between the beneficiary and such third party. In this case, if the defendant had indicated her intention not to give the plaintiff any part of the proceeds, the deceased could, and undoubtedly would, have altered the certificate. In view of all the facts and circumstances, it is highly improbable that deceased was not aware of this contract between plaintiff and defendant about the time it was made, or shortly thereafter. He must have known the terms and conditions under which he was being supported by the plaintiff (a stranger in blood), and who was paying his assessments. He must have verbally assented to the contract. Subsequently he indicated his approval in writing. The matter of his support and payment of assessments must have been talked over both before and after making the contract. He had no means with which to pay for his living expenses, or to keep up his assessments, and had no expectation of paying the plaintiff except from his insurance. He made himself a party to this contract by the writing that he signed, and that contract was founded on a valuable and very meritorious consideration. The fundamental principle upon which the defense of infancy is founded, the reasons upon which it is based, have no application to such a case as this; for here the father of the infant ratified and approved the contract made by her, and he made himself a party to it, and it related to money or property which the infant was to receive from and through the father, and over which he had absolute control. All that she had was a mere expectancy, which gave no vested right in the anticipated benefit. It was not property, as, owing to his right of revocation, it was dependent on the will and pleasure of the holder. Anthony v. Association, 158 Mass. 324, 33 N. E. 577.

No question arises here now as to the right of the plaintiff to maintain an action at law against the association, but the question is whether, as between the plaintiff and defendant, the latter is entitled to receive the whole fund to her sole benefit. Upon equitable principles, the plaintiff ought to recover. The defense raised that the defendant is entitled to retain the whole fund because the certificate remained unaltered is highly inequitable in view of all the circum-

stances. "Payment having been made by the insurer to the person entitled to be paid, in accordance with the contract, the liability of the insurer is, ordinarily at least, at an end. And sometimes the person thus paid is under no legal obligation whatever to any other person with reference to the application of what has been thus paid. But sometimes he is, and clearly the nature and the extent of such obligation must vary greatly, in accordance with the circumstances of each particular case. Thus he may, in accordance with an agreement contained (though not necessarily) in the contract of insurance itself, hold such proceeds as a trustee." Cooke, Life Ins. § 127, p. 241. In Boasberg v. Cronan, 9 N. Y. Supp. 664, reversing 7 N. Y. Supp. 5, in the superior court of Buffalo, general term, where the beneficiary at the time of issuing the certificate agreed with the insured to pay his creditors, it was held that the assured could not, by the creation of a trust or otherwise, make the fund applicable to the payment of his debts. Why not? The ground of the decision seems to be that he could not have designated any others than the class of persons specified in the act of incorporation, and consequently could not designate a particular creditor or creditors, or create a trust in their favor. But this can hardly be reconciled with the decision in Sabin v. Phinney, 134 N. Y. 427, 31 N. E. 1087, holding that an act of incorporation was not restrictive of the power of designating any person. This applies to the Catholic Mutual Benefit Association. See Act of Incorporation, §§ 5, 6, 7. See, also, Maneely v. Knights of Birmingham, 115 Pa. St. 305, 9 Atl. 41; Brown v. Brown, 6 Misc. Rep. 433, 27 N. Y. Supp. 129. In the Boasberg Case the beneficiary was a brother, and, therefore, a legal beneficiary. We are unable to see the soundness of the reasoning that, because the beneficiary fund is exempt from the member's debts, he has no power to create a beneficiary with his assent a trustee for their payment. However, a distinction may be drawn between the Boasberg Case and this. Here was an agreement with a particular individual that she should be paid one-half of the certificate in consideration of supporting the deceased and paying a part of his assessments; or, if you please, here was a declaration of trust creating the beneficiary a trustee for the payment to such individual. If an impecunious member has no power to provide in this manner for his support and maintenance, and for the keeping up of his assessments and the insurance in force, then he is in a sorry plight indeed. We are of the opinion that the plaintiff is entitled to judgment declaring that the amount payable under the said benefit certificate, together with the interest which has accrued thereon, shall be paid to said plaintiff and said defendant Margareth Ritz in equal shares, after paying therefrom the plaintiff's and the defendant Margareth Ritz's costs of this action.

Ordered accordingly.