WILLIAM A. PROCTOR *vs.* UNITED ORDER OF THE GOLDEN STAR.

SARAH L. PROCTOR *vs.* SAME.

Essex.   November 4, 1909. — November 24, 1909.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Insurance,* Fraternal beneficiary.   *Fraternal Beneficiary Corporation.   Estoppel.*

At the trial before a judge without a jury of an action against a fraternal beneficiary corporation by a son, named as the beneficiary in a certificate of fraternal beneficiary insurance issued to his father and providing for a payment of money to the son in case of the death of the insured while in good standing, it appeared that the by-laws of the defendant provided that a member not paying an assess-

ment within thirty days from the date of notice of it was suspended, that, on payment within the next thirty days thereafter, he might be reinstated, and that, if payment of the assessment was not made within the second period of thirty days, he was "disconnected from the order." An assessment at a new and increased rate was levied by the defendant and notice was given on July 1 of a certain year, the assessment being payable on or before July 31. A further assessment at the new rate was made and notice was given on August 1, the assessment being payable on or before August 30. On August 11 the plaintiff's father notified the president of the defendant that he had decided to withdraw from the order and the president accepted the withdrawal. On August 22 and 29 the plaintiff paid the July and August assessments respectively. There was evidence, which was controverted, that such payments were made without the father's consent and against his wishes. The payments were received by the collector of the subordinate lodge and forwarded to the defendant. There was no evidence that the collector knew that the payments were not made in behalf of the insured. The insured died on August 31. The judge found for the defendant. *Held*, that the finding was warranted, since the judge might have found that the father voluntarily had withdrawn from the order, and, the plaintiff having no right to reinstate his father against his wishes, the insured was not in good standing at the time of his death; and, *also*, that the act of the collector in receiving the assessments from the son did not estop the defendant from denying that the payments were made for the father and had the effect of reinstating him, since there was no evidence that the collector knew that the payments were not made in behalf of the insured.

Two ACTIONS OF CONTRACT on a certificate of fraternal beneficiary insurance. Writs in the Superior Court dated November 10, 1908.

The cases were heard together by *Dana*, J., without a jury. The material facts are stated in the opinion. The judge found for the defendant in both cases; and the plaintiffs alleged exceptions.

*F. E. Shaw*, for the plaintiffs.

*W. B. Grant*, for the defendant.

LORING, J. These are two actions on one benefit certificate issued to Joseph W. Proctor. The certificate was for $2,000, payable $1,000 to the son of the insured (the plaintiff in the first action) and $1,000 to the wife of the insured (the plaintiff in the second action), on condition (*inter alia*) that the member was in good standing at the time of his death.

The case was heard by a judge without a jury. There was evidence tending to show the following facts:

Joseph W. Proctor, the member of the defendant corporation in question, died on August 31, 1908. There had been an increase in the rate of assessment levied to pay death claims.

An assessment at the new rate, being assessment 120, was levied and notice thereof given on the first day of July, payable on or before the thirty-first day of July.   A further assessment at the new rate was levied and notice thereof given on August 1, payable on or before August 30.

It appeared that neither assessment had been paid on August 11.   On that day Joseph W. Proctor called on the president or grand commander, and notified him that he had decided to withdraw from the order on account of this increase in the rate. The president or grand commander testified that he then and there accepted that withdrawal.   On August 22 the plaintiff in the first case paid the July assessment, and on August 29 the August assessment.   The evidence was conflicting as to whether this was done by the son with his father's consent or without his father's knowledge and against his (the father's) wishes known to the son.   The judge found for the defendant.

The defendant corporation was organized in July, 1900, under St. 1899, c. 442, now R. L. c. 119.

By Section V. of Art. III. of the by-laws of the defendant corporation, all members not paying an assessment within thirty days from the date of the notice calling for an assessment are suspended, but on payment within the next thirty days they may be reinstated.   But if payment is not made within the second period of thirty days they are " disconnected from the order."   The father died on August 31, that is to say, two days after the time had expired within which he could be reinstated by payment of the unpaid assessment 120.

Unless the son had a right to reinstate his father as a member in good standing against his father's wishes, the judge was warranted in finding that the father had become " disconnected," and that nothing was due under the benefit certificate because at the time of his death he was not " in good standing." The plaintiffs contend that the son had that right.   We are of opinion that he had not.   None of the authorities cited by them supports that contention.   In *Ferguson* v. *Union Mutual Ins. Co.* 187 Mass. 8, it was said that under the provisions of that policy, which was a regular life insurance policy, taken out by the wife on the life of her husband, either could pay the premiums.   The statement made in Niblack's Accident Insurance and Benefit

Societies, at pp. 441 and 444, is that if a beneficiary does pay assessments he acquires no vested rights, and the member may change the beneficiary by appointing the death benefit to another; and *Masonic Benevolent Association* v. *Bunch,* 109 Mo. 560, is an authority to that effect. All that was decided in *Rose* v. *Wilkins,* 78 Miss. 401, was that an assignment to one not a member of the class who could be appointed beneficiaries, of three quarters of a death benefit in consideration of his paying the premiums, was void. It was suggested in that case, following *Harley* v. *Heist,* 86 Ind. 196, that such an assignee was entitled in equity to the premiums paid by him out of the proceeds of the policy; and *Kelly* v. *Searcy,* 100 Texas, 566, is a decision to that effect. What was decided in *Nix* v. *Donovan,* 18 N. Y. Supp. 435, was that gratuitous payments of assessments by one who could have been named a beneficiary does not prevent the member from naming some one else. The statement cited by the plaintiffs from the opinion in *Lyon* v. *Royal Society of Good Fellows,* 153 Mass. 83, 87, does not help them. It is that the most that can be claimed for payments by another is that they should have the same effect as payments by the member.

The plaintiffs have argued that they had a vested interest in the certificate which gave one of them a right to pay the premiums. But with the exception of *Reynolds* v. *Royal Arcanum,* 192 Mass. 150, including *Pittinger* v. *Pittinger,* 28 Col. 308, the cases cited by them are cases of regular life policies. We find nothing in *Reynolds* v. *Royal Arcanum* which supports the plaintiffs' contention.

The plaintiffs also contend that the defendant is estopped to set up that the payments of these assessments were not made by the authority of the father. They rely on the fact that they were received by the collector of the subordinate commandery and forwarded by her to the defendant corporation. But there is no evidence that the collector of the subordinate commandery knew that these payments were not made in behalf of the father when she received them, and for that reason it is not necessary to point out that she had no authority to bind the defendant corporation.

*Exceptions overruled.*