(68 Misc. Rep. 359.)

### HADLEY v. TRAVELERS' INS. CO. et al.

(Supreme Court, Special Term, Monroe County. July, 1910.)

INSURANCE (§ 143*)—REFORMATION OF POLICY.

A life insurance policy erroneously written to plaintiff's wife, and in the event of her prior death to his heirs, instead of his children, as directed, will be reformed, where all the persons presently answering the description of plaintiff's heirs are joined as defendants.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 265–272; Dec. Dig. § 143.*]

Action by Willis C. Hadley against the Travelers' Insurance Company and others. Defendant company demurs to the complaint on the ground, First, that it does not state facts sufficient to constitute a cause of action; second, that there is a defect of parties defendant, in that the persons who may become heirs of the plaintiff upon the death of the defendants Leo G. Hadley and Martha J. Stebbins prior to the death of Fannie H. Hadley have not been made parties defendant. Demurrer overruled.

Lynn Bros., for plaintiff.

Taylor & Goodwin, for defendant Travelers' Ins. Co.

FOOTE, J. On the 3d day of June, 1882, on the application of the plaintiff, the defendant issued its insurance policy upon the life of the plaintiff for $3,000, payable upon the plaintiff's death to his wife, the defendant Fannie H. Hadley, and, in the event of her prior death, to his heirs. The plaintiff claims that he had instructed defendant's agent to make the policy payable, in the event of the prior death of his wife, to his children, and that the use of the word "heirs" in place of "children" was due to a mistake of defendant's agent. At the time the policy was issued, the plaintiff had two living children, who have since died; and he now has no living children or descendants of deceased children. His wife is still living, and they wish to surrender the policy and realize its value; but the defendant company declines to accept a surrender, on the ground that the persons who may be the plaintiff's heirs at the time of his death, in the event of the prior death of his wife, have or will have a vested interest in the policy. He therefore brings this action to reform the policy by substituting the word "children" for the word "heirs," in accordance with the agree-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment or understanding at the time the policy was issued. The plain-- tiff has made parties defendant his sister, Martha J. Stebbins, and his nephew, Leo George Hadley, who are at the present time his only next of kin and the only persons who would now answer to the description of his heirs. Both these defendants are willing that the policy should be reformed and surrendered for the benefit of the plaintiff and his wife. The defendant insurance company contends that this relief cannot be granted in this action.

It seems to be settled by the weight of authority that the persons who will answer to the description of plaintiff's heirs at the time of the death of the plaintiff's wife, should she predecease the plaintiff, will have a vested interest in the proceeds of this policy, and that it is beyond the power of the plaintiff to deprive them of that interest. Weisert v. Nuehl, 81 Ky. 336; United States Trust Co. v. Mut. Ben. Life Ins. Co., 115 N. Y. 152, 21 N. E. 1025; Morgan v. Mutual Ben. Life Ins. Co., 189 N. Y. 447, 82 N. E. 438; Bank of Washington v. Hune, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370. The plaintiff contends that the court may take jurisdiction over the reformation of this contract, where all the persons now living who answer to the description of heirs of the plaintiff are made parties defendant, and that its determination will be conclusive upon all others who may become heirs, within the principle decided in the case of Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693. In that case, Judge Earl, writing for the court, said:

"Where an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand, not only for themselves, but also for the persons unborn. This is a rule of convenience, and almost of necessity."

In that case it was also held that, where the courts do take jurisdiction as against unborn or unascertained persons who may have an interest to be affected, provision may be made for the protection of the rights of such persons in the fund or property which is the subject of the action. I think, within the authority of that case, this court may take jurisdiction of this action and proceed to judgment as against the present defendants, and that such judgment will be valid against any other persons who may, at the death of the plaintiff, be his "heirs," and that the provisions of the judgment, if any, necessary for the protection of the rights and interests of such persons who are not defendants, are to be determined by the court upon rendering final judgment.

It follows that the demurrer should be overruled, with costs, with leave to the defendant insurance company to answer within 20 days, upon payment of costs of the demurrer.

· Demurrer overruled.