### BOASBERG *v.* CRONAN *et al.*

*(Superior Court of Buffalo, General Term.* April 9, 1890.)

LIFE INSURANCE—MUTUAL AID—BENEFICIARIES.·
     Laws N. Y. 1879, c. 189, incorporating a mutual aid society, provides (section 2) that its object is to assist and support members or their families in case of want, sickness, or death. Section 3 provides for a beneficiary fund. Section 4 provides that the beneficiary fund may be provided and set apart to the families, heirs, or legal representatives of deceased or disabled members, or to such persons as such deceased member may, while living, have directed. The beneficiary fund shall not be liable to be seized, taken, or appropriated by any legal or equitable process, to pay any debt of such deceased member. *Held,* that a member has no property interest in the beneficiary fund, and a designation of a beneficiary to receive the money and pay the member's debts is invalid. Reversing 7 N. Y. Supp. 5.

Appeal from trial term.

Action by Isaac Boasberg against Timothy J. Cronan and Empire Lodge No. 57, Empire Order of Mutual Aid. The complaint in this action alleges that Daniel Cronan, now deceased, in his life-time entered into a contract with a lodge of the Empire Order of Mutual Aid, to insure his life, for the benefit of the defendant, in the sum of $1,000; that said defendant, at the request of deceased, agreed to accept said sum as a trustee for the benefit of creditors of deceased, and for the benefit of plaintiff, and to pay said creditors ratably and in proportion to their claims; then alleges the indebtedness of Daniel Cronan to plaintiff; that the defendant threatens to appropriate said money to other and different purposes than those provided for in said trust, and to prevent plaintiff from having or receiving any of said money. An injunction was obtained restraining defendant corporation from paying said money to defendant Cronan. Issue was joined upon this complaint, and a trial had, which resulted in a judgment in favor of plaintiff for the amount of his claim, with costs. From this judgment the defendant Cronan appeals.

Argued before BECKWITH, C. J., and HATCH, J.

*John T. Joyce,* for appellant. *Ullman & Ullman,* for respondent.

HATCH, J. The defendant corporation makes no defense to this action;· but admits liability to pay the said sum of $1,000 to whoever the court decrees

·entitled thereto. The question presented upon this appeal is, can the in·sured, during life, so far control the fund by the creation of a trust or otherwise as to make it applicable to the payment of his debts after death? The answer to this requires an examination of the contract made by the insuring ·company and the assured, and the character of the interest which the latter takes. The Empire Order of Mutual Aid is a corporation created under and by virtue of chapter 189, Laws 1879. Section 2 of said act provides that the ·objects of incorporation are to improve the moral, mental, and social condition of the members, to prevent strikes, and to aid, assist, and support members or their families, in case of want, sickness, or death. Section 3 authorizes the creation, management, and disbursement of a beneficiary fund. Section 4 provides: "Such beneficiary fund as may be ordained suitable by said Grand Lodge of the state of New York may be provided and set apart to be paid over to the families, heirs, or legal representatives of deceased or disabled members, or to such person or persons as such deceased member may, while living, have directed; * * * and such beneficiary fund, so provided and paid, shall be exempt from execution, and shall not be liable to be seized, taken, or appropriated by any legal or equitable process, to pay any debt or liability of said deceased member." The proof upon the trial tended to establish, and the court found, that the defendant was duly designated by deceased, in his life-time, as beneficiary in the sum of $1,000; that said defendant, in ·consideration of said sum, agreed to pay the creditors of deceased the amounts due them, pay his funeral expenses, and erect a monument over his grave; that plaintiff was a creditor, and became entitled to judgment for the amount of his approved claim. The finding of the court, in language, is "that defendant, in consideration of the sum of $1,000, agreed to pay creditors," etc. If such finding be construed literally, it would, if warranted by the evidence, support the judgment rendered, but it is to be construed in connection with the other findings and the proof, and, when so construed, it appears that its true interpretation is that the thousand dollars received by defendant is such sum as he received by virtue of his designation as beneficiary in the certificate issued by the corporation, and alone furnishes the consideration to support the judgment; otherwise there would be a failure of evidence to support the finding. It is the duty of the court to construe and harmonize findings, so as to give them effect, when possible. *Green* v. *Roworth,* 113 N. Y. 467, 468, 21 N. E. Rep. 165. It is clear, from the provisions of the act of incorporation, that the fund authorized to be created has for its fundamental object, so far as the same relates to the payment of the fund after death, the providing a sum of money for the benefit of families, heirs, or legal representatives of ·deceased persons, solely applicable to such purpose, freed from any liability ·of seizure for debt. The contract of insurance is executory in its character, and, under the provisions of this act, the agreement of the association was to pay to certain persons named in the statute, or to such person or persons as the insured should designate in his life-time. There is nothing in the act or in the by-laws of the corporation which enlarges in this regard the rights of the parties with respect to the fund. There is no property vested in the insured, or property right, in any sense, and it does not form any part of his ·estate. *Bishop* v. *Grand Lodge, etc.,* 112 N. Y. 627, 20 N. E. Rep. 562; *Greeno* v. *Greeno,* 23 Hun, 478; *Hellenberg* v. *District No. 1, etc.,* 94 N. Y. 580. As it forms no part of his estate, it does not pass to his executor or administrator, and a will is ineffectual for the purpose of making it subject to the payment of debts. *Bown* v. *Association,* 33 Hun, 263. In the event ·of failure of persons to take under the statute as therein named, and in the absence of a designation by the insured, there is no person to take, and the ·corporation is under no obligation to pay. *Hellenberg* v. *District No. 1, etc., supra.* The right, therefore, of the insured, in and to the fund created, is not a property right, but a right to provide a fund to be disposed of by the

statute, or by the naked power of designation; beyond this he cannot go in the control of the fund or its disposition. *Sabin v. Grand Lodge, etc.*, 6 N. Y. St. Rep. 151; *Society v. Clendinen*, 44 Md. 429. The beneficiary named takes no vested right in the certificate of insurance until the contingent event of death happens. *Sabin v. Grand Lodge, etc.*, 8 N. Y. Supp. 185; *Luhrs v. Lodge*, 7 N. Y. Supp. 487. If, therefore, the fund provided is not the property of the assured, and he has no property rights therein, he cannot deal with it as property, and impress it with a trust for the payment of debts, as the impress of a trust upon the disposition of property necessarily presupposes a property right and interest upon which the trust may fasten; where that fails, the whole is nugatory. Creditors dealing with the deceased can in no view be said to have so dealt upon the strength of the interest of the assured, as the act in terms gives notice of the exemption from debt, and the limitation upon the power of disposition is equally clear, so no equities can exist in that regard. It is said that, but for the agreement upon the part of defendant to distribute the fund, he would not have been named as beneficiary, and consequently that, having so received it, equity will lay hold upon the fund, impress it with the trust, and distribute it accordingly. If we assume this to be true, it does not aid plaintiff, for the reason that the trust provided for was in violation of law, and beyond the power of deceased to create; and if defendant by fraud procured himself to be designated, and the designation should be held void for that reason, equity might lay hold so far as to fasten upon him a trust *ex maleficio*, and compel distribution of the fund among those empowered to take; but this would only include the other persons named in the statute, who would then be, by law, empowered to take, and would not embrace plaintiff or the other creditors. *In re O'Hara's Will*, 95 N. Y. 403. This conclusion renders unnecessary an examination of other questions presented by the record. The judgment appealed from is therefore reversed, and a new trial ordered, with costs to abide the event.