### FLEEMAN *v.* FLEEMAN *et al.*

(*Superior Court of Buffalo, Trial Term.* January 10, 1891.)

MUTUAL BENEFIT INSURANCE—CHANGE OF BENEFICIARY.

> The certificate of incorporation of a Masonic insurance association declared its object to be "to provide for the payment to the legal representatives of any member of such society as may from time to time decease of such sum as the by-laws of such society may from time to time prescribe." The by-laws stated the object to be "for the purpose of aiding and assisting the widows and orphans of worthy brethren," and provided that "in all cases an applicant for membership in this association shall designate in his application some person or persons to whom the money shall be paid in the event of the applicant's death; otherwise it shall be paid to his heirs at law;" and that, "in case of the death of the beneficiary as designated, the loss shall be payable to the heirs at law of the deceased member." *Held*, that a member might at any time change his beneficiary: Laws N. Y. 1883, c. 175, § 18, providing that a member of a co-operative life insurance society may at any time, with the consent of the society, change the beneficiary.

Action by Adam Fleeman, Jr., against Olive E. Fleeman and others, to settle conflicting claims to the proceeds of a certificate of membership issued by the Masonic Life Association of Western New York to Adam Fleeman, deceased.

*Roberts, Alexander & Messer*, for plaintiff. *Tracy C. Becker*, for defendant, Olive E. Fleeman.

HATCH, J. The evidence upon the trial disclosed that plaintiff is the son of deceased; that about 1873 deceased became a member of said corporation, and procured a certificate of insurance to be issued to him, conditioned for the payment after death of a sum not exceeding $2,000. In this certificate the designated beneficiaries were his wife, if living at his death, and, in the event of death, to his four children. In 1885, the plaintiff having made advances of money to his father and furnished him a house, deceased changed his certificate, making $600 payable to plaintiff, together with such other sums as he might thereafter advance. In 1887 another certificate was issued, in which plaintiff was designated as beneficiary to the extent of $1,200, together with such other sums as he should thereafter advance to deceased, the balance to be paid to the children of his first wife. On the 18th of January, 1877, his wife having died, deceased married Catherine Yerger. They lived together until August of the same year, when the wife left his house, and went to reside in Alden, about 20 miles distant, where she has since resided and now lives. No decree of divorce was ever obtained annulling said marriage. In 1883 deceased married the present defendant. The proof tended to establish that deceased had not, prior to the last marriage, heard from his said wife since she left his house. On the 21st of October, 1889, deceased procured the issuance of a new certificate, naming defendant as beneficiary, except that

there should be paid to plaintiff the money he had paid in keeping up the assessments on said certificate. Defendant corporation was incorporated under chapter 319, Laws 1848. Its certificate of incorporation was approved by a justice of the supreme court on the 10th day of December, 1872, and was thereafter filed. The purpose of said society, as set out in its certificate, is "to provide for the payment to the legal representatives of any member of such society as may from time to time decease of such sum as the by-laws of such society may from time to time prescribe. The said sum to be received by the voluntary contribution to the same by the members of said society of such dues as such by-laws may from time to time prescribe; but such sum in no case to be paid to the legal representatives of such members as shall have failed to make payment of the dues so prescribed by the by-laws of said society to be paid; and said sum to be paid to said legal representatives in no case to exceed the total sum of such dues remaining in the treasury of said society." The by-laws of the society then proceed to organize a system of mutual benefit life insurance, stating its object to be "for the purpose of aiding and assisting the widows and orphans of worthy brethren." In respect to the right of designation, the by-laws provide: "In all cases an applicant for membership in this association shall designate, in his application, some person or persons to whom the money shall be paid in the event of the applicant's death; otherwise it shall be paid to his heirs at law. The secretary shall enter upon the records of the association the name of the person or persons so designated, and shall indorse and designate the name or names upon the certificate of membership. In case of the death of the beneficiary, as designated, the loss shall be paid to the heirs at law of the deceased member." This by-law is broad enough in its terms to authorize the designation of any person as beneficiary, whether a legal representative or not, but, when construed with the objects of the association as expressed in its certificate and by-law, it must be limited to such persons as are named therein, to-wit, the legal representatives of the assured, as none others are named or provided for. *Massey* v. *Society*, 102 N. Y. 523, 7 N. E. Rep. 619. The person, therefore, authorized to share in the present fund, must be brought within the class named. It is insisted that the association is not a mutual benefit society, but an insurance company, and that in consequence the beneficiary named took at the time the certificate was issued a vested interest which could not thereafter be defeated by act of the assured. If this claim be well founded, then it is clear that defendant is entitled to nothing, and that plaintiff is only entitled to a proportionate share of the fund in connection with the other children of the first wife, under the designation first made.

From the certificate of incorporation, and the by-laws thereunder, it may be conceded that this is a mutual benefit insurance company, and that alone, as it does not provide for any other purpose or object in the scheme of its organization; but with this concession it by no means follows that it is subject to the insurance laws of the state, or that the certificates which issue give to the beneficiaries named a vested interest which may not thereafter be taken away. In many states this rule has been so held, and the authorities, where such rule is laid down, are collected in Bacon on Benefit Societies and Life Insurance, §§ 51–55, inclusive. But the learned author recognizes the fact that such rule is not uniform, and depends upon the charter and statutes existing in the state where the question arises, as he says: "The question is one of construction of the statutes of the several states and of individual charters, and no uniform rule can be laid down that shall apply to all cases." Section 53. We are therefore relegated to the statute for a solution of this question. By chapter 175, Laws 1883, provision is made for the regulation and incorporation of co-operative or assessment life and casualty insurance associations and societies, section 5 of which provides that such companies shall be subject only to the provisions of this act. By reference to this act

and its amendment, Laws 1887, c. 285, it is seen that the business carried on by this assoc.ation is embraced within its terms, and is authorized. By section 18 a member is authorized at any time, with the consent of the corporation, to make a change in his payee or beneficiary without the consent of such payee or beneficiary. And by section 19 the money secured to be paid is exempt from seizure on execution, and may not be taken by any process, legal or equitable, for the payment of a debt or liability of the member. By the express provisions of the statute, therefore, no property right or interest is vested in the beneficiary or payee until the contingent event of death happens, and no restriction is placed upon the assured to change such beneficiary, except the consent of the association is essential. The case is therefore brought squarely within the decision of *Boasberg* v. *Cronan*, 9 N. Y. Supp. 664, and upon these subjects must control. It is insisted that defendant is not the legal wife of deceased, and could not, therefore, be named as beneficiary. The proof upon that subject is to the effect that for a period of more than five years prior to the last marriage deceased had not heard from his wife, and did not know her whereabouts or that she was alive. It is provided by statute: "If any person whose husband or wife shall have absented himself or herself for the space of five successive years, without being known to such person to be living during that time, shall marry during the life-time of such absent husband or wife, the marriage shall be void only from the time that its nullity shall be pronounced by a court of competent authority." 4 Rev. St. (8th Ed.) § 6, p. 2596. I find nothing in the proof which leads me to believe that at the time when the last marriage was solemnized the parties acted otherwise than in good faith, upon the belief that the former wife was dead. Defendant is not shown to have had any knowledge that any obstacle stood in the way of a legal marriage, while the testimony of the former wife is to the effect that she never held any communication with her husband after she left his home. Under such circumstances, the marriage must be held legal until a court of competent authority pronounces it void. *Jones* v. *Zoller*, 32 Hun, 280. In *Price* v. *Price*, 33 Hun, 76, it was held that a wife married under similar circumstances was entitled to a dower interest in the property of the husband owned by him at the date of a decree declaring null the marriage. The right of the wife to receive insurance moneys is also well settled. *Story* v. *Association*, 95 N. Y. 474; *Schnook* v. *Order Sons of Benjamin*, 53 N. Y. Super. Ct. 181. Within the case last cited it would be quite competent to find that the association consented to the naming of the beneficiary in the last certificate, as its secretary was at the house of deceased, where defendant then was living with deceased as his wife, saw her, and knew her to be the person named. But the evidence is sufficient to establ.sh the legal relation of husband and wife until declared void. I am of opinion, therefore, that defendant is competent to take under defendant's articles of incorporation.

The further claim is made that the last certificate is without legal effect, for the reason that it was not authorized in conformity with defendant's by-laws. The basis of this claim rests in the fact that the by-laws require, when a member desires to change his beneficiary, he shall return his certificate, with a request in writing duly acknowledged, to the secretary, "when, by a majority vote of the board of directors present at any meeting," the change, as requested, may be made. If the member is unable to return his certificate as required, "he shall state the reasons for such failure, * * * and the board of directors may, by a majority vote, grant such request without the return of such certificate." The board of directors consist of 50 members, and 7 is constituted a quorum for the transaction of business. The claim is that if the certificate is returned a majority of the quorum is sufficient to grant the request. If the certificate is not returned, then a majority of all the directors is required. The certificate in the present case was not returned, and the re-

quest was granted by the quorum authorized to transact business. We have already seen that plaintiff by his designation took no vested interest either as beneficiary named or as creditor. This question, therefore, do s not concern him. It was a matter solely between the assured and the association. The assured had the right to change the beneficiary, subject only to the consent of the association. This they assumed to give, and deceased had the right to rely thereon. The secretary had notice, it was done at a regular meeting of which the full board were presumed to have had notice, it was entered in the minutes, and, if we assume that the board acted without authority, yet they have acquiesced in the members acting thereon, and are to be presumed to have acquiesced therein and ratified the act. *Hoyt* v. *Thompson*, 19 N. Y. 207, 215–218; *Olcott* v. *Railroad Co.*, 27 N. Y. 559; *Porter* v. *Robinson*, 30 Hun. 211. There is no basis to support the claim that the association was bound to take notice of plaintiff's debt. It has already been observed that he had no interest and could protect no debt; the fund was placed beyond reach of that by a higher power; consequently plaintiff was in no legal sense injured by the change. There was a moral obligation resting upon the assured not to change the designation of plaintiff, but the law gave him the legal right so to change, and no obligation in favor of plaintiff required the association to refuse consent. It follows from these views that defendant is entitled to judgment directing that the fund be paid to her, less the amount of the assessments paid by plaintiff. No costs are awarded in favor of either party as against the other.