(43 App. Div. 27.)

### KIMBALL v. LESTER et al.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1899.)

1. INSURANCE—BENEFIT ASSOCIATION—ASSIGNMENT OF CERTIFICATE.

Insured, holding a certificate in a beneficial association, joined with his wife, the beneficiary, in an assignment of the same to secure his debt. The assignment was in violation of the constitution of the association providing for surrender and cancellation on change of beneficiary, and also limiting the original beneficiary to a blood relative, or one dependent upon the insured. *Held*, that the association could waive the restriction against the assignment of the certificate without surrender, and on it so doing the original beneficiary could not avail herself of this noncompliance with the constitution.

2. SAME.

Where a benefit association does not contest the validity of the transfer, the beneficiary named in the certificate cannot repudiate the agreement voluntarily entered into by her, where the assignee has performed his part.

Appeal from equity term, Erie county.

Action by Mary Kimball against Garra D. Lester and the Supreme Lodge of Knights of Honor. Judgment for plaintiff, and defendant Lester appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Levant D. Lester, for appellant.
Edward T. Durand, for respondent.

SPRING, J. Conda R. Kimball was insured in the Supreme Lodge of Knights of Honor, a foreign mutual benefit corporation, authorized to do business in this state. The beneficial certificate was granted to him August 3, 1881, and he was a member in good standing at the time of his death, May 15, 1898. The beneficiary named in the certificate was his wife, the plaintiff in this action. The scheme designed by the association, aside from its fraternal, moral, and intellectual features, was to provide a fund to meet the sums to be paid to the respective beneficiaries upon the death of those holding certificates severally payable to them. The beneficiaries were restricted to blood relatives, or to those dependent upon the member. The certificate issued upon the application of Kimball recited that, in case he was in good standing at the time of his death, the supreme lodge agrees to pay "out of the widows' and orphans' benefit fund to his wife, Mary B. Kimball, the sum of two thousand dollars ($2,000)," according to the rules of said order. In 1893 the said Kimball and the defendant Lester were co-partners in the livery business in the city of Buffalo, and said co-partnership was dissolved in the fall of 1894. The firm left unpaid debts, and Kimball was insolvent. A judgment was recovered against the co-partners for $233.22, and supplementary proceedings were instituted to aid in its enforcement. On the 21st day of November, 1896, the plaintiff executed and acknowledged an assignment to defendant of all her interest in the insurance money which would come to her on the death of her husband in pursuance of said benefit certificate, but as collateral security to, and only to the extent of, said judgment, including certain costs against her husband and Lester, and upon the condition that Lester pay said judgment within three years thereafter. At the same time, and for the same purpose, Kimball executed an assignment of said certificate to the said defendant. Lester complied with the terms of the assignment by paying the judgment within the stipulated period. In the paper signed by Mr. Kimball, and which really is a consent to the assignment of said certificate by his wife, he recognizes and concedes that said judgment is for him to pay, instead of the defendant Lester. The beneficial association refused to pay the widow, as Lester had made claim upon it for the moneys, and this action was commenced. The association was permitted to bring in Lester as a party defendant by an order of interpleader, and then paid the money into court. So the contest is between the plaintiff and Lester.

The amended complaint attacks the assignment to Lester on the ground that it was fraudulently procured, in that Lester represented he was to pay the judgment forthwith, and that the security was to be limited to the judgment exclusive of costs; and the plaintiff further charged that said assignments were void, as they were in contravention of the rules and constitution of the order. Upon the trial, proofs were directed to the question of fraud raised by the pleadings; but no finding of fact was made by the trial judge upon that issue, the decision proceeding against the defendant upon the sole ground of the invalidity of the assignment of the certificate as counter to the constitution of the association. It is a general doctrine in

the interpretation of certificates of mutual benefit associations that the rules and laws of the order are an integral part of the contract, to be read into the certificate issued. Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087; Boasberg v. Cronan (Super. Buff.) 9 N. Y. Supp. 664; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61. According to the constitution of the association issuing this certificate, the assignment of the certificate was invalid unless surrendered for cancellation, and a new one issued in its stead; and, at least as to the original beneficiary, only a blood relative, or one dependent upon the insured, could be permitted to receive the benefits flowing from the certificate. As Lester is not a blood relative or a dependent, and as no new certificate was issued, he is within those inhibitions, if they are applicable. The only parties interested in the certificate were Kimball, the insured, and his wife, the beneficiary. Her interest was not vested, but was subject to his right to designate another beneficiary conformably to the rules of the society. Simon v. O'Brien, 87 Hun, 160, 33 N. Y. Supp. 815; Hellenberg v. Independent Order, 94 N. Y. 580. These two parties made an assignment of the certificate to insure the payment of a debt which was a subsisting obligation against the insured. It is therefore based upon a valuable consideration, and, so far as the parties themselves are concerned, they should be estopped to question the validity of the assignment, as Lester has complied on his part. He is not seeking to hold in toto the moneys arising from the certificate, but he simply asks reimbursement for what he expended on the strength of the assignment for the benefit of the insured. This, in any event, is the limit of his recovery. Elsberg v. Sewards, 66 Hun, 28, 21 N. Y. Supp. 10; Crotty v. Insurance Co., 144 U. S. 621, 12 Sup. Ct. 749. As the assignment is in violation of the constitution of the association, unquestionably it could refuse payment. It does not do so. It is indifferent in the controversy, and has already paid into court the sum stipulated in the certificate. The association may waive the restriction against the assignment of the certificate without the surrender of the old certificate for revocation, and, if it elects so to do, the original beneficiary cannot avail herself of this noncompliance with the constitution of the company. Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961, affirmed 70 Ill. App. 130; Schardt v. Schardt, 100 Tenn. 276, 45 S. W. 340; Hall v. Allen, 75 Miss. 175, 22 South. 4. Notwithstanding the act of these parties countervails the laws of the order, if the certificate had been surrendered for cancellation, and a new one issued by the order, or if it had formally assented to the assignment, with full knowledge of the facts, it would be estopped to deny the validity of the transfer, or of the new certificate. Inasmuch as the association does not contest the validity of the transfer, the beneficiary named in the certificate ought not to be permitted to repudiate an agreement voluntarily made by her, and which the assignee has performed on his part. There are many general expressions in the books counter to this proposition, which decide that the laws of the company form a part of the contract; but I find no case holding that, where both parties to the benefit certificate have joined in its transfer to secure a debt, or for any other valid consideration, they

will be heard to say, in disavowal of their agreement, that some law of the association was violated by their act. If the assignment was fraudulently obtained, in that the sum to be paid is erroneously stated in the assignment, plaintiff cannot secure its abrogation without offering to have paid, from the fund in court, the amount which she confesses was to be paid, and was in fact paid, as the inducement for this transfer. In Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, the certificate was payable to the daughter of the insured, who subsequently remarried, and inserted in the certificate, after the name of his daughter, "and my wife Mary." The court held this was not a valid change in the beneficiary, as the by-laws of the company required the surrender of the certificate and the issue of a new one in case a change of beneficiary was designed. In the opinion it was stated that the by-laws of the company formed a part of the agreement, and, as no cancellation of the old certificate had been made, and no new one issued, the attempted change was a nullity. In Boasberg v. Cronan, supra, the insured sought, by the creation of a trust, to control the fund, and make it applicable to the payment of his debts after his decease; and again it was held to be in conflict with the rules of the association. Armstrong v. Warren, 83 Hun, 217, 31 N. Y. Supp. 665, and Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937, are authorities in the same line, and in each case it was held the by-laws were a part of the contract of insurance, and that an attempted transfer in violation of these laws was null and void. These cases are distinguishable from the present case. Here both parties to a valid, subsisting certificate put it up to relieve themselves from a pressing indebtedness. It is supported by a good consideration. And, after they have been the recipients of the benefits accruing to them from the performance of the agreement, the beneficiary alone seeks to disclaim her agreement. She cannot rescind without restoring the money paid by Lester, and that is all this action contemplates. Smith v. Society, 123 N. Y. 85, 25 N. E. 197, and Levin v. Ritz, 17 Misc. Rep. 737, 41 N. Y. Supp. 405, bear somewhat upon this proposition. Criticisms against certificates sought to be changed contrary to the by-laws of the association have not been upon the assumption they were against public policy. Except for the restriction in the by-laws, an assignment to a stranger would be valid. The surrender and cancellation of a certificate and the issuance of another as a prerequisite to a change in beneficiaries are not required for the public good, but to meet the laws of the society. A violation of these laws does not infringe upon the public weal; it simply conflicts with the rules of the corporation. If all the parties engage in this infraction, and rights have become fixed under their engagement, and the association assents by not resisting, the party benefited cannot repudiate his obligation because, forsooth, some rule which he has violated stands in the way. This is not the case of a beneficiary named in violation of the constitution of the association, but an assignment to aid the parties interested in the certificate when in financial distress. It is a frequent use of a policy of insurance, and, if done in good faith, the agreement should be upheld as between the parties. Assuredly, the party who has been

the recipient of the benefits arising from its performance should not be permitted to evade fulfillment on her part without a restoration of what she has received under it.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.