(97 App. Div. 545.)

DEXTER v. SUPREME COUNCIL ROYAL TEMPLARS OF TEMPERANCE.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. MUTUAL BENEFIT SOCIETIES—DUPLICATE CERTIFICATES—EFFECT ON ORIGINAL CERTIFICATE.

Under mutual benefit society by-laws providing that a lost certificate may be replaced by a duplicate, which shall operate to cancel the original, an original certificate has no force after the issuance of a duplicate on the ground that the original has been lost.

2. SAME—ASSIGNMENT OF CERTIFICATE—RIGHTS OF ASSIGNEE.

A mutual benefit certificate is nonnegotiable, so that an assignee is not entitled to protection as a bona fide holder.

3. SAME.

Though the beneficiary in a mutual benefit certificate may have no assignable vested interest, yet an assignment from both assured and beneficiary, though to one who could not, under the by-laws, be a beneficiary, operates as an enforceable agreement, when the contingent interest of the beneficiary has become vested by the death of assured.

4. SAME—RIGHT TO OBJECT.

An objection that the assignee of a mutual benefit certificate does not belong to the class of persons who, under the by-laws, may receive the benefit, can be raised only by the society, not by the beneficiary who assigned the certificate.

5. SAME—PAYMENT OF FUNERAL BENEFIT—ESTOPPEL.

Payment of a funeral benefit by a mutual benefit association to the holder of an original certificate, in lieu of which a duplicate certificate had been issued, did not estop the association from afterward denying the right of the holder of the original certificate to recover thereon; the payment having been made under the belief that it was claimed under the duplicate certificate.

Appeal from Special Term, New York County.

Action by Benjamin F. Dexter against the Supreme Council Royal Templars of Temperance. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. H. Van Steenbergh, for appellant.
W. W. Thompson, for respondent.

HATCH, J.   This action is brought by the plaintiff as assignee of an original mutual benefit certificate issued by the defendant on March 27, 1879, to James E. Dexter, the insured, now deceased, in the sum of $2,000, payable upon his death to his wife, Emily F. Dexter.   It appeared that on the 17th day of March, 1897, the insured duly filed with the defendant his affidavit stating that the original certificate, which this action is brought to enforce, was lost, and he applied for the issuance of a duplicate thereof to take its place.   Thereupon the defendant on the 27th day of March, 1897, made compliance with such application, and issued to the insured a duplicate certificate in accordance with the rules and by-laws of the defendant, and thereupon by force of its by-laws the original certificate became canceled, and the duplicate became the only evidence of liability of the defendant.   The beneficiary in the duplicate certificate remained the same as in the original.   On April 30, 1900, the insured, James E. Dexter, for value received, assigned and transferred such duplicate certificate to Thomas Wilson, or his order, to be paid as his interest may appear.   This assignment was attached to the duplicate certificate.   On July 5, 1900, Emily F. Dexter, the beneficiary in the certificate, also executed an assignment in writing of the certificate unto the said Wilson, which assignment provided that "the same be paid to him or his order as his interest may appear."   This assignment was also attached to the duplicate certificate.   Wilson, the assignee, died in May, 1902, and his executor has brought an action against this defendant in the District of Columbia, and claims to recover the full amount secured to be paid by the duplicate certificate.   That action is now pending, undetermined.   Pursuant to an order of the court made in the District of Columbia, the defendant has been directed to pay the amount secured to be paid by the duplicate certificate into the Supreme Court of the District of Columbia, to abide the final determination of such action, and it has complied with such direction.   The insured, James E. Dexter, died in Washington, D. C., on the 17th day of June, 1902.   On the day after his death, Emily F. Dexter, the beneficiary under both the original and duplicate certificates, assigned the original certificate, which, it appears, had never been surrendered to the defendant by the insured.   Such assignment was sealed and acknowledged before a notary public of the District of Columbia, and it recited that it was to be for "all dividends, benefits, and advantage to be had or derived therefrom, subject to the conditions of the said policy, and the rules and regulations accompanying it."   This assignment and also the assignments to Wilson recited upon their face to have been made for value received.   After a trial had, the court decided that the plaintiff was not entitled to recover upon the original certificate;

and judgment was entered thereon dismissing the complaint upon the merits, with costs, and from such judgment this appeal is taken.

The application made by the insured for the issuance of a duplicate certificate complied with the laws and rules of the order, and the same was issued in conformity with its laws. By the express provision of section 24 of such laws, the original certificate became canceled immediately upon the issuance of the duplicate. These provisions were for the benefit and protection of the society, and constituted a part of the contract between the insured and the society. Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582; Boasberg v. Cronan, 30 N. Y. St. Rep. 483, 9 N. Y. Supp. 664; Bird v. Mutual Union Ass'n, 30 App. Div. 346, 52 N. Y. Supp. 1044. Under the laws of the order, provision was made for the issuing of a duplicate certificate in case of loss of the original; and, when compliance was had with the laws in this respect, the society became obligated to issue it. Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937; Wilson v. Bryce, 43 App. Div. 491, 60 N. Y. Supp. 132. Being required to issue a duplicate certificate, it necessarily follows that it was authorized in its by-laws to provide what should be the force and effect of such action, and to make provision that the duplicate should constitute, after its issuance, the only outstanding obligation of the society for that insurance. The verbal discrepancy between the duplicate and the original certificates is not of consequence. There is no difference in matter of substance. The only change is in phraseology, and no doubt is raised as to the fact that the duplicate certificate was intended to, and did, take the place of the original certificate immediately upon its issuance; and therefore it, together with the laws and rules of the association, constituted the only contract in existence between the insured and the society, and the original certificate from that date ceased to have any force and effect. Moan v. Normile, 37 App. Div. 614, 56 N. Y. Supp. 339. The certificate is a nonnegotiable instrument, and no claim can be based upon the theory that the plaintiff is a bona fide holder, and therefore entitled to protection. McCormick v. Supreme Council, 6 App. Div. 175, 39 N. Y. Supp. 1010. It may be conceded that the beneficiary in the certificate acquired no vested interest therein which was the subject of an assignment, either with or without the consent of the insured, and an assignee from both the insured and the beneficiary could not acquire any right to enforce the same until the contingent interest of the beneficiary had ripened into a vested right. Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep. 681. But rights acquired by virtue of an assignment made for value, while not presently enforceable, may nevertheless operate as a valid, enforceable agreement when the contingent interest has ripened into an existing right, and the condition of the parties remains unchanged by any intervening rights of third parties or other equities. In Kimball v. Lester, 43 App. Div. 27, 59 N. Y. Supp. 540, it was held that an assignment for a valuable consideration of a benefit certificate executed by the beneficiary, and consented to by the insured, operated to transfer the interest so assigned immediately upon the contingent interest

of the beneficiary becoming vested, and that under such circumstances the beneficiary was estopped from denying the validity of the assignment, even though the law of the society did not authorize the assignee to become a beneficiary of the fund secured to be paid. Upon appeal to the Court of Appeals that decision was affirmed without opinion. 167 N. Y. 570, 60 N. E. 1113. This decision would seem to be conclusive of the plaintiff's contention upon this appeal. There is no essential distinction in fact between that case and the present. The assignment in each case was executed during the lifetime of the insured, the law of each society excluded the assignee from that class of persons who could be made beneficiaries, and yet the court held that the assignment, upon the vesting of the interest, became enforceable as an agreement which the beneficiary was estopped from repudiating. It was further held that the objection that the limitation upon the class of persons who might receive the benefit was only available to the society. There the society raised no question, and it was held that the beneficiary could not. The same is true in the present case.

It is said that this conclusion is in conflict with the decision of McCord v. McCord, 40 App. Div. 275, 57 N. Y. Supp. 1049, relied upon by the learned court below. If it be in conflict, then, to the extent that it holds that the assignment could not become operative upon the vesting of the interest, it must be regarded as overruled by the decision last considered. We do not, however, think the two cases necessarily conflict. The fund in the McCord Case, by the express provisions of the statute authorizing its creation, and the law adopted pursuant thereto for its government, provided, in terms, that the scheme simply provided for a gift and gratuity to the family of the deceased. Under such claim, the beneficiary was not ascertained until death. The insured had no power to nominate the recipients of the gratuity, and in fact it was not insurance in the sense as usually understood, and as practically applied by insurance companies and beneficial societies. It was an incident peculiar to membership in the corporation or association, and, until paid over, was so intangible as to property right and as to a named beneficiary as to exclude any assignable right or interest. As said by Judge Cullen in Kemp v. New York Produce Exchange, 34 App. Div. 175, 54 N. Y. Supp. 678: "It was the intention to create provision for the family of the deceased member, which should be beyond the hazard of loss from pecuniary misfortune." In the Kimball Case, on the contrary, the decision of the court proceeded upon the theory that the benefit certificate was to be regarded as a policy of insurance. It is not necessary, however, that we go so far as to hold that it has all of the elements of a policy of insurance, and is therefore subject to the statutory provision authorizing an assignment of such policies. It is sufficient now to say that the courts recognize and enforce assignments made during the life of the insured as operative agreements upon the death of the insured, and the vesting of the interest in the beneficiary.

It is quite probable that the assignment of the original certificate, while not operating to create any legal liability against the

society, may yet be held to be good as an equitable assignment of the fund secured to be paid to the beneficiary, and, if there were no intervening rights, would vest title in the assignee to the fund, as such condition would entitle the assignee to the benefit of equitable considerations. Field v. City of New York, 6 N. Y. 179, 57 Am. Dec. 435; Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554. In the present case, however, the assignment to Wilson became operative prior to the assignment to the plaintiff, in consequence of which he is superior in right. Such assignment, however, is not absolute, of the whole fund, but only as his interest may appear; and this would be limited in amount to the extent of the payment which he' made at the time of the execution of the assignment, with interest thereon, and, if there be any remainder, after discharging such sum the plaintiff may show himself entitled thereto. The defendant is in no wise estopped by the payment of $200 for the funeral benefit. Such payment was made without knowledge of the facts, and upon the supposition that it was claimed under the duplicate certificate. There is therefore no element of estoppel created by such act.

It follows that the judgment should be affirmed, with costs. All concur.