STRONGE v. SUPREME LODGE K. P.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. INSURANCE—MUTUAL BENEFIT SOCIETIES—CHANGE OF BENEFICIARY—RIGHTS OF BENEFICIARY—WAIVER.

A mutual benefit society may waive any of the conditions prescribed as a condition for issuing a new certificate in lieu of one originally issued, or recognizing a change in consequence of the inability of a member to surrender the old certificate, and the original beneficiary cannot take advantage of the failure of the society to insist on such conditions.

[Ed. Note. —For cases in point, see vol. 28, Cent. Dig. Insurance, § 1948.]

2. SAME—EVIDENCE.

In an action on a mutual benefit certificate, evidence *held* sufficient to establish a change of beneficiary.

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Martha Stronge against the Supreme Lodge Knights of Pythias. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, LAUGHLIN, and HOUGHTON, JJ.

S. Livingston Samuels, for appellant.

James C. de La Mare, for respondent.

INGRAHAM, J. There is no substantial dispute as to the facts in this case. The defendant, under its constitution, issued to one John M. Irvine a certificate of membership which recited that the said John M. Irvine was a member of Section 85 of the Endowment Rank, Knights of Pythias, and that in consideration of the payment by the said member of the prescribed membership fee and of all monthly payments, assessments, and dues as required, and that he shall be in good standing under the said laws, rules and regulations, the defendant would pay to "Martha Stronge, his sister-in-law, the sum of three thousand dollars, out of the endowment fund of the Rank, in accordance with and under the laws governing the payment of benefits, upon due notice and satisfactory proof of death and good standing in the Rank at the time of death and a full receipt and surrender of this certificate, subject, however, to the conditions and agreements subscribed to by said member in his application, and to the further conditions and agreements hereinafter named and provided; also that this certificate shall not have been surrendered by said member or canceled at his request and another certificate issued in accordance with the laws of the Rank. * * * Provided, further, that the beneficiary herein designated shall acquire no interest whatever in the certificate nor in the Endowment Fund until the benefit shall have lawfully accrued by reason of the death of said member and no subsequent change in the beneficiary shall have been made." The rules and regulations of the defendant provide that each applicant for membership shall designate in his application "some person or persons related to or dependent upon him for support, as hereinafter provided to whom the benefit shall be paid when due, and the name or names and the relationship of the person or persons so designated shall be inserted in the endow-

ment certificate." It was also provided that any member desiring to change his beneficiary or beneficiaries shall make application on a form provided by the board of control. "The secretary of the section shall attest the same, and forward such application with the certificate originally issued, or then in force, and a fee of fifty cents, to said board of control, who shall, if the change be in accordance with law, as specified in section 380, issue a new certificate, containing the name or names of the substituted beneficiary or beneficiaries. Such change may be made at any time and as often as desired; consent of the existing beneficiaries not being required." It was also provided that:

"In case a member desiring to change his beneficiary shall be unable to surrender the original certificate, or the certificate then in force, by reason of the act or refusal of the beneficiary named therein, or from any other cause, the board of control may issue a new certificate upon proof of the facts by affidavit of the member, and the execution by him of such instrument or release or indemnity as shall be deemed necessary."

The certificate in question was issued on the 5th day of May, 1903. On the 13th day of May, 1904, the said Irvine executed and delivered to the defendant an instrument in writing, and an affidavit annexed thereto, by which said Irvine changed the beneficiary named in said certificate and nominated and appointed his adopted daughter, Annie Elizabeth Fee, as beneficiary in said certificate in the place of the plaintiff, and revoked the appointment of the plaintiff as beneficiary in the said certificate. The court found that at the time of the delivery of this instrument and affidavit Irvine had complied in every respect with the general laws, rules, and regulations of the defendant, so far as the defendant required him to comply with the same, except as to the surrender of the said certificate of membership to defendant, and did all that he was able to do as he was required by said general laws, rules, and regulations. This instrument, with the affidavit, having been forwarded to the defendant, on May 19th the defendant wrote to Irvine acknowledging the receipt of the instrument changing the beneficiary, with the affidavit, and the 50 cents required by the rules to be paid, saying:

"The papers that you submitted appear to be satisfactory and in conformity with the rules and requirements of the board of control. Before, however, a new certificate can be issued under the circumstances, the full requirement exacted by the board in all cases and as provided for in section 80, p. 67, of the Endowment Rank laws must be complied with."

The letter then quoted the law, which provided that the member must execute a release or indemnity as shall be necessary, calling his attention to this provision of the law and stating that, if Irvine would file with the board a bond, with one or more good sureties, for the sum of $3,000, to protect the defendant in case they issued the certificate as required, the papers would then be acted upon to Irvine's satisfaction. The day after this letter was written, and on May 20th, Irvine died in Texas. Annie Elizabeth Fee, substituted beneficiary, made due proof of the death of the said Irvine and claimed the amount due, and the court found as a conclusion of law that Irvine, by the instrument dated May 13, 1904, duly revoked the designation of the plaintiff as his beneficiary in the certificate referred to, and duly changed the beneficiary named in said cer-

tificate and appointed the said Annie Elizabeth Fee as his beneficiary in place of the plaintiff; that the act of the plaintiff in refusing to surrender the said certificate for the purpose of changing the beneficiary was wrongful, and that she could not take advantage of her refusal to surrender the certificate; and that the defendant was entitled to judgment dismissing the complaint.

The plaintiff claimed and asked the court to find that Irvine, for a valuable consideration moving to him from the plaintiff, agreed with the plaintiff to make her his beneficiary and to have the defendant issue to her a certificate as such, and in pursuance of such agreement designated the plaintiff as his beneficiary. In answer to that contention, however, I do not think that the evidence established that this certificate was issued in pursuance of any such contract; but, whether so issued or not, it was issued subject to the provisions therein contained, and the laws, rules, and regulations governing the Rank and which may be adopted by the board of control of said Rank; and the agreement to pay to the beneficiary was in accordance with and under the rules governing the payment of benefits, and upon the condition that the beneficiary designated should acquire no interest whatever in the certificate, nor in the endowment fund, until the benefit shall have lawfully accrued by reason of the death of the said member, and that no subsequent change in the beneficiary shall have been made.

The only substantial question presented is whether the instrument and affidavit forwarded to the defendant on the 13th day of May, 1904, and accepted by the defendant as a sufficient change of the beneficiary under the rules and regulations of the order, was sufficient to change the beneficiary under the certificate of membership and the rules and regulations adopted by the order. Rule 79 of the defendant provides that any person desiring to change the beneficiary or beneficiaries shall make application on a form prescribed by the board of control; that such change may be made at any time and as often as desired, consent of the existing beneficiaries not being required, but no change of beneficiary shall be valid until its acceptance by the board of control; and rule 80 provides that:

"In case a member desiring to change his beneficiary shall be unable to surrender the original certificate, or the certificate then in force, by reason of the act or refusal of the beneficiary named therein, or from any other cause' the board of control may issue a new certificate upon proof of the facts by affidavit of the member, and the execution by him of such instruments of release or indemnity as shall be deemed necessary."

In pursuance of this provision, Irvine transmitted to the defendant an intrument by which he made a change in the beneficiaries named in said certificate, and he surrendered and released all rights in and to and under said certificate, to take effect upon the issuance to him of a new certificate in lieu and place thereof. The instrument then directed that the benefit was to be paid to Annie Elizabeth Fee, his adopted daughter, and requested a new certificate to be issued to him in accordance therewith to take effect immediately. It stated that he desired to name, and he thereby did name, as his beneficiary, his adopted daughter in place of the plaintiff, and he revoked the appointment and named in her place and stead his adopted daughter, Annie Elizabeth Fee. This instrument

was duly acknowledged, and attached to it was an affidavit which veri-
fied the facts stated, that the plaintiff was not a blood relative, but a sis-
ter of his deceased wife; that as the plaintiff was named as beneficiary
in said certificate, he was induced by her and her husband to place the
said certificate in their possession; that he had made demands upon the
plaintiff and her husband for a return and delivery of the certificate, but
had been unable to secure the same.   Annexed to this was the certificate
of the adoption of the said Fee, which appeared to be in accordance with
the provisions of the law of the state of Texas, where Irvine and the
said Fee then resided; and in answer to this communication the secre-
tary of the board of control wrote to the defendant on May 19, 1904,
stating that upon Irvine's filing with the board a bond such new certifi-
cate would be issued.   After the death of Irvine the defendant decided
to furnish Mrs. Fee with blanks for proof of death and declined to
recognize the rights of the plaintiff.

Both under the certificate issued to the plaintiff and the rules and
regulations of the defendant a member had a right to change a bene-
ficiary and the plaintiff acquired whatever interest she acquired in
this certified subject to that right.   The conditions under which the
defendant was to accept such a change of beneficiary and issue a new
certificate were entirely for its protection.   If the defendant consented
to the change, it could waive any of the conditions which it had pre-
scribed as a condition for issuing a new certificate or recognizing a
change in consequence of the inability of a member to surrender the
old certificate, and it would seem that the plaintiff could not take
advantage of the failure of the defendant to insist upon an observance
of these conditions imposed for its own benefit.   Kimball v. Lester,
43 App. Div. 27, 59 N. Y. Supp. 540, affirmed 167 N. Y. 570, 60 N. E.
1113; Dexter v. Supreme Council, 97 App. Div. 545, 90 N. Y. Supp.
292.

In Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791,
95 Am. St. Rep. 554, the original certificate designated the defendant's
wife as the beneficiary, who had possession of the certificate.   The
member having become separated from his wife, went to live with his
mother, and subsequently executed an instrument by which he revoked
the former certificate and desired that $500 of the amount due should
be paid to his mother and $500 to be paid to the treasurer of the
association to pay the doctor's and funeral expenses.   This instrument
was filed with the officers of the corporation, with a request that a
new certificate should be issued.   The association failed and neglected
to issue such new certificate, upon the ground that the original cer-
tificate should be surrendered with the application for the change.
Subsequent to this proceeding the wife of the member induced him
to go with her to her home in the city of Buffalo, where he remained
until his death.   After his death the plaintiff, who was the wife,
claimed the whole of the fund by virtue of the original certificate.
The defendant, the member's mother, claimed her interest in the fund
under the second designation.   Upon these facts the court below found
as a conclusion of law that the member changed the beneficiary of
said insurance as provided in the instrument of October 30th. and that
he did what was necessary to effectuate such a purpose.

The principle established in that case, I think, justified this judgment. There can be no question but that the member of the defendant corporation intended to change the beneficiary to whom the payment was to be made upon his death. He communicated that intention to the defendant, who accepted the proposed change and undertook to issue a new certificate upon filing the bond as required by the by-laws of the association. There is nothing in the rules and by-laws that requires that a new certificate should be issued before a change of the beneficiary was accomplished. The change did not consist in issuing a new certificate, but the association required for its own protection that before a new certificate should be issued the old one should be surrendered or security given to save the association from the expense or liability involved in having two certificates outstanding, naming different beneficiaries. As between this defendant and a person claiming to be the person designated by a member as his beneficiary, the defendant would only be liable if the person making the claim was in fact the person designated by the member as the one to whom the benefit should be paid. There is here, I think, sufficient to sustain the finding of the court below that prior to his death the member had changed the beneficiary, and that the plaintiff, although she held the certificate designating her as the one to whom the amount was to be paid on the death of the member, was not in fact the beneficiary entitled to such payment at the death of the member, and therefore was not entitled to recover. The defendant recognized the right of this member to change the beneficiary, has accepted the new beneficiary as the one to whom the benefit was payable, and it seems to me established that the plaintiff was not entitled to the payment which was provided by the constitution and by-laws of this association to be paid to the person who had been designated by the member as the one entitled to the benefit upon his death.

It follows that the judgment appealed from should be affirmed, with costs.

O'BRIEN, P. J., and LAUGHLIN and CLARKE, JJ., concur.

HOUGHTON, J. I dissent on the ground that the plaintiff holds the only certificate actually issued, no bond having been furnished as a condition of issuing a new certificate, and, the action being at law, the plaintiff is entitled, as against the defendant, to recover.